IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PABLO HERNANDEZ-COPLIN,

Petitioner,

v.

CIVIL NO. 08-1383 (JAG)

UNITED STATES OF AMERICA,

Respondent.

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

On April 1, 2008, above petitioner Pablo Hernández Coplin (hereafter "Hernández-Coplin") filed a motion for post-conviction relief regarding his conviction and sentence in Criminal No. 03-292 (JAG), which dates back to July 23, 2004, after a guilty plea for a drug trafficking offense under Title 21, United States Code, Sections 952 and 963.

Petitioner Hernández-Coplin seeks to set aside or correct the sentence, which had been affirmed by the Court of Appeals for the First Circuit on September 14, 2005, on allegations that: (1) counsel was ineffective in allowing the government to breach the plea agreement as to the sentence he was expecting of ten (10) years; (2) petitioner was not allowed after arrest to consult with the designated consul of his country even though he was detained in international waters for which rights under the Vienna Convention were violated; (3) counsel failed to object to the arrest taking place in international waters and outside the custom territory of the United States; and (4) equitable tolling to justify the late filing of the post-conviction relief should be allowed based on counsel's ineffectiveness to notify the status of the appeal and because of prison lock-outs. (Docket No. 2).

On May 21, 2008, the government filed its response to the post-conviction motion submitting the petition was time-barred and lacked merit on the various contentions

therein raised. (Docket No. 8). Petitioner filed a traverse arguing for equitable tolling upon circumstances beyond his control hindered a timely filing of the petition. (Docket No. 11).

## BACKGROUND HISTORY

Above petitioner Hernández-Coplin was charged in Criminal No. 03-292 in a three-count indictment with a drug trafficking offense for aiding and abetting others to import into the United States from a place outside, that is, the Dominican Republic, more than five (5) kilograms of cocaine.[1] Afterwards, petitioner entered into a plea agreement with the government as to Count Three of the Indictment, where he could face a term of ten (10) years minimum and up to life imprisonment, a supervised release of at least five (5) years, and a fine not to exceed four-million dollars ($4,000,000.00), in addition to a special mandatory assessment of one hundred dollars ($100.00).

Pursuant to said plea agreement, petitioner Hernández-Coplin was held accountable for one hundred and fifty (150) kilograms or more of cocaine, with a base offense level of thirty eight (38) under the applicable sentencing guidelines. He received a three (3) level downward departure for acceptance of responsibility, for a total offense level of thirty-five (35). Had the petitioner held a criminal history category of I, his sentencing range would be one hundred and sixty eight to two hundred and ten months (168-210). At the time of the plea, petitioner knew he would not qualify for the safety valve because of a prior criminal history, which was to be determined after the pre-sentence report. The

---

[1] Count One of the Indictment charged a violation to Title 46, United States Code Appendix, Section 1903(a), 1903(c)(1)(A) and 1903(f) in that on the high seas and elsewhere, on board a vessel subject to the jurisdiction of the United States, aiding and abetting one another the defendants unlawfully possess with intent to distribute five (5) kilograms or more of cocaine. Count Two charged a violation to Title 46, United States Code, Sections 1903(f) and 1903(j) in that the defendants intentionally combine, conspire and agree with each others to possess with intent to distribute five (5) kilograms or more of cocaine. *Criminal No. 03-292, Indictment, Docket No. 8.*

government agreed to recommend a sentence at the lower end of the applicable guideline range.

After the pre-sentence report was submitted and the criminal history determined, petitioner Hernández-Coplin was found to have a criminal history category of III. As such, the sentencing guidelines range of imprisonment was from two hundred and ten to two hundred and sixty two months (210-262). On July 23, 2004, the Court sentenced petitioner to imprisonment for a term of two hundred and ten (210) months.

Petitioner filed an appeal to the sentence. The Court of Appeals ruled petitioner failed to support a claim that he had not admitted to the amount of cocaine that was attributed to him under the conspiracy and at the time of accepting the plea, the Court had reiterated the specific calculation agreed through the plea agreement. *See* United States v. Pablo Hernández-Coplin, No. 04-2134 (1st Cir., September 14, 2005).

## LEGAL ANALYSIS

**A.    Petitioner's Section 2255 is Time-Barred.**

To determine if a Section 2255 petition is time barred, one must first look at the language of the statute. A one-year statute of limitations was enacted by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). In its pertinent part, section 2255 reads as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of-

(1) the date on which the judgment of conviction becomes final[.]

*See* Title 28, United States Code, Section 2255, ¶ 6.

A conviction is not final as long as the defendant can appeal either the conviction or the sentence imposed upon him. Griffith v.. Kentucky, 479 U.S. 314, 321 (1987); United States v. Colvin, 204 F.3d 1221, 1224 (9th Cir. 2000). Accordingly, for purposes of a petition under Section 2255, the judgment is considered to be "final" when the Supreme Court denies a petition for a *writ of certiorari*, and it is from that date that the limitations period starts to run. *See* Griffith, 479 U.S. at 321 n. 6; Derman v. United States, 298 F.3d 34 (1st Cir. 2002); United States v. Marcello, 212 F.3d 1005, 1008 (7th Cir. 2000); United States v. Thomas, 203 F.3d 350, 352-53 (5th Cir. 2000).

On the other hand, a conviction for a federal defendant who fails to file a petition for a *writ of certiorari* becomes final when the period in which he seasonably might have done so expires. Derman, 298 F.3d at 34; United States v. Burch, 202 F.3d 1274, 1276 (10th Cir. 2000) (if a defendant does not file a petition for a *writ of certiorari* with the U.S. Supreme Court after a direct appeal, the judgment of conviction becomes final when the time for filing the certiorari petition expires); Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir. 2004) (conviction became final when the ninety-day period for seeking certiorari expired)(quoting Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072 (2003)(discussing finality for purposes of post-conviction relief.)[2]

Petitioner's conviction in this case was affirmed on appeal on September 14, 2004. Petitioner did not file a petition for *writ of certiorari*. Therefore, petitioner's conviction became final when the ninety-day period for seeking *certiorari* expired on December 14,

---

[2] *See, e.g.*, United States v. García, 210 F.3d 1058, 1060 (9th Cir. 2000); United States v. Gamble, 208 F.3d 536, 537 (5th Cir. 2000); Kapral v. United States, 166 F.3d 565, 570 (3rd Cir. 1999)(holding conviction becomes final when the time for seeking *certiorari* expires).

2004. Accordingly, AEDPA's one-year limitations period expired on December 15, 2004. Petitioner's instant § 2255 petition was filed on April 4, 2008, almost three (3) years and four (4) months late. As such, the post-conviction motion is untimely.

However, petitioner Hernández-Coplin avers he should be allowed equitable tolling for the tardiness in filing the post-conviction motion since he only found recently, as of February 8, 2008, that the direct appeal had been disposed back on September 14, 2005, and such extraordinary circumstances was beyond petitioner's control.

The government states that petitioner Hernández-Coplin was initially aware that an appeal had been filed but made no inquiries regarding the appeal except for arguments that it was not until February 2, 2008, long after the limitation time to file post-conviction expired, that he found the status of same. In the traverse, petitioner states counsel never notified or responded to petitioner's letters for over three (3) years and he assumed the appeal was still pending. Because of lack of knowledge of the English language, with the assistance of other inmates, he did not find the appeal had already been denied on September 14, 2005.

The doctrine of equitable tolling suspends the running of the statute of limitations when a plaintiff and/or petitioner, in the exercise of due diligence, could not have discovered information essential to his/her claim. A plaintiff would need to carry the burden to obtain such tolling of showing that extraordinary circumstances beyond his control prevented timely filing or that he was materially misled into missing the deadline. Tolling will not be allowed, in the absence of an actual innocence claim, for petitioner

simply failed to exercise due diligence in preserving his rights.³ <u>Barreto-Barreto v. United States</u>, 551 F.3d 95 (1st Cir. 2008).

The fact that petitioner is *pro-se* does not alter such conclusion, more so in the absence of any rare and exceptional circumstance to this federal petition. Petitioner's *pro-se* status does not absolve him from compliance with the federal rules. *See* <u>Eagle Eye Fishing Corp. v. United States Dep't of Commerce</u>, 20 F.3d 503, 506 (1st Cir. 1994) (explaining that "the right of self-representation is not a license not to comply with relevant rules" (citation and internal quotation marks omitted)); <u>FDIC v. Anchor Props.</u>, 13 F.3d 27, 31 (1st Cir. 1994) ("We have consistently held that a litigant's *pro se* status [does not] absolve him from compliance with [either] the Federal Rules of Civil Procedure [or] a district court's procedural rules." (citation and internal quotation marks omitted)); <u>United States v. Heller</u>, 957 F.2d 26, 31 (1st Cir. 1992) (quoting <u>Feinstein v. Moses</u>, 951 F.2d 16, 21 (1st Cir.1991)) ("*pro se* status [does not] absolve [a litigant] from compliance with the Federal Rules of Procedure.").

In view of the foregoing, petitioner's motion to vacate sentence and conviction under Section 2255 is barred by the one-year statute of limitations enacted by the AEDPA and there are no extraordinary circumstances present to warrant tolling. Accordingly, it is recommended that petitioner's request BE DENIED for being time-barred.

**B. Ineffectiveness of Counsel.**

In light of the above recommendation, there would be no need to deal further with the arguments raised by *pro-se* petitioner as to ineffective assistance of counsel. Succinctly,

---

³ The Court of Appeals for the First Circuit is still to decide whether the doctrine of equitable tolling applies to Section 2255 petitions. It has been applied to state court convictions in rare and extraordinary cases.

however, this Magistrate Judge examined the issues raised and found them also to lack merit. We shall briefly discuss.

The claim of ineffective assistance of counsel should first address this petitioner's compliance with the requisites in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068 (1984).

The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. Strickland, 466 U.S. at 687. *See also* López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. *See* Strickland, 466 U.S. at 689. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.*

Pursuant to Strickland, 466 U.S. at 688, counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms. In light of the circumstances, petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance.

Petitioner Hernández-Coplin's claims of ineffectiveness deal with alleged counsel's failure to allow a breach of the plea agreement as to the sentence since he was expecting ten (10) years, instead of the two hundred and ten (210) months. Petitioner also avers ineffective assistance for not objecting that he had not been allowed, after the initial arrest,

to consult with the designated consul of the Dominican Republic because he was detained in international waters and for counsel having failed to object that his arrest had taken place in international waters, outside the custom territory of the United States.

As to the last two (2) items, the claims are precluded by the entry of petitioner's knowing and voluntary plea, as discussed below insofar as to the sentence he was expecting and the alleged government's breach of the plea. When a criminal defendant has admitted in open court that he is in fact guilty, as petitioner Hernández-Coplin did, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.[4] *See* United States v. Lujan, 324 F.3d 27 (1st Cir. 2003); United States v. Martínez-Martínez, 69 F.3d 1215, 1224 (1st Cir. 1995) (*citing* Tollett v. Henderson, 411 U.S. 258, 267, 93 s.Ct. 1602 (1973)). Furthermore, petitioner is not challenging the validity of the guilty plea, rather that he was expecting a sentence of ten (10) years not the two hundred and ten (210) he received.

Petitioner's attempts to now raise the issue of having been arrested in international waters and not communicating with consular authorities were waived by the entry of a valid plea. These contentions are also devoid of merits upon considering federal criminal charges are within the subject matter jurisdiction of this court, if the indictment charges the defendant had committed a crime described in a federal criminal statute, as would be the importation of controlled substances into the United States from a place outside thereof. United States v. Gonzalez-Mercado, 402 F.3d 294 (1st Cir. 2005).

---

[4] The entry of an unconditional plea does not waive challenges to the ensuing sentence but precludes issues not preserved that may be available by entering a conditional plea. United States v. Rodríguez Castillo, 350 F.3d 1, 4 (1st Cir. 2003).

As to the petitioner's claim of ineffectiveness for allowing a breach of the plea agreement for the petitioner having the expectation of a sentence of ten (10) years, the record defies such a contention. A review of the change of plea hearing evidenced petitioner Hernández-Coplin understood the English language and still was allowed an interpreter as requested so that he could better explain himself. *Criminal No. 03-292, transcript 3-22-04, p. 3.* (Docket No. 97). He was a forty (40) years old individual with ninth grade education. (*Id. p. 4*). At the Rule 11 hearing, petitioner was notified the statutory minimum sentence for Count Three as to which he was pleading guilty was ten (10) years, with a supervised release term of five (5) years. He was informed the Court would use the Sentencing Guidelines in calculating the sentence. As stated in the written plea agreement, petitioner was notified that, with an estimated adjusted total offense level of thirty five (35), the sentencing range could be from 168-210. (*Id. pp. 8-9*). In accordance with the plea, the government was to recommend a sentence at the lower end of the applicable guideline range. (*Tr. 3-22-04, p. 9*). As such, neither the written plea agreement[5] nor the plea colloquy at the Rule 11 proceeding, are consonant with petitioner's averment that he was expecting a sentence of ten (10) years.

In addition, the Court clarified to petitioner Hernández-Coplin at the change of plea hearing that the terms of the plea agreement were merely a recommendation that the Court could accept or reject and petitioner could not withdraw his plea if the sentence imposed was more severe than what he anticipated. *(Tr. 3-22-04, p. 11)*. Petitioner acknowledged

---

[5] Petitioner Hernández-Coplin also acknowledged, at p. 10 of the transcript, that he had received the plea agreement, had been explained to him in Spanish by his counsel, and he was satisfied that he understood same. *Criminal No. 03-292, plea agreement, p. 10. (Docket No. 39).*

there had been no promise or assurances to induce him to plead guilty nor he was forced to sign the plea agreement. As to the applicable guideline for sentencing, petitioner Hernández-Coplin indicated he understood the Court's explanation that it could not determine the guideline range until after a pre-sentence report had been completed. *(Id. p. 14).*[6]

At the time of sentencing, the government, in compliance with the plea agreement, recommended a sentence at the lower end of the applicable guideline. With a criminal history category of III, the guideline range was from 210-262 months of imprisonment. The Court imposed the sentence of two hundred and ten (210) months of incarceration.

Thus, with the above discussed evidence of record, even if petitioner's post-conviction motion would not be considered time-barred, it would still lack merit as to the claims of ineffective assistance of counsel.

## CONCLUSION

In view of the above discussed, the §2255 petition is time-barred and in the alternative, there are no merits that could sustain an ineffective assistance of counsel. Accordingly, it is thus recommended that the §2255 petition be **DENIED**.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States

---

[6] The written plea agreement also had stated there was no stipulation regarding the petitioner's criminal history category. (*Criminal No. 03-292, Docket No. 39*).

Pablo Hernández-Coplin v. United States
Civil No. 08-1383 (JAG)
Report and Recommendation
Page No. 11

---

v. Valencia, 792 F.2d 4 (1st Cir. 1986).  *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 27th day of March of 2009.

                                                 S/ CAMILLE L. VELEZ-RIVE
                                                 CAMILLE L. VELEZ-RIVE
                                                 UNITED STATES MAGISTRATE JUDGE